NOT RECOMMENDED FOR PUBLICATION

File Name: 07a0650n.06

Filed: September 4, 2007

No. 06-5919

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOHN WAYNE BLACK, aka JOHNNY BLACK, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and COOK, Circuit Judges; REEVES, District Judge.[*]

**PER CURIAM.** John Wayne Black appeals his convictions for making false material declarations under oath, 18 U.S.C. § 1623, and witness tampering, 18 U.S.C. § 1512(b)(1) and (3). We **AFFIRM.**

## I.

In June 2002, Black, then a deputy sheriff for Cocke County, Tennessee, went motorcycle riding with deputies Jonathan Morgan and Derrick Webb. As the trio exited Morgan's driveway, Webb saw Black performing a wheelie on his Suzuki motorcycle. Seconds later, Webb saw Black crash into Morgan. Just before the accident, Morgan looked back and also saw Black with his

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

motorcycle on its rear wheel coming directly at him. Following the collision, the two men were hospitalized, Black with a serious cut and Morgan with a broken leg.

While at the hospital, Black told Morgan and Webb that he did not want his insurance company to find out about the wheelie and that he would claim he had lost control. Black instructed Webb to say that he did not see the accident since he "was riding behind." Morgan would say that he did not see what happened since he was hit from behind. Black later filed a products liability suit against Suzuki Motor Corporation ("Suzuki") in which he claimed he was operating his motorcycle in a "safe and prudent manner . . . with due care and caution." During his deposition, Black stated that he did not remember anything about the accident except losing control when he encountered some loose gravel and that he "could not ride wheelies" and "never tried." Webb and Morgan corroborated Black's story in their deposition testimony as previously planned. Ultimately, Suzuki and Black reached a settlement agreement.

In the course of an unconnected investigation into local corruption ("Operation Rose Thorn"), Webb and Morgan admitted to the FBI that they had lied in their depositions. When questioned by the FBI about his testimony in the civil suit against Suzuki, Black denied any wrongdoing; however, Black went to Morgan immediately following the FBI interview and advised Morgan to "just keep your story. Whatever you said in deposition, keep it." Black also warned Webb, "[w]ell if you tell different than what you said down there, it's perjury, so you better keep the same line as you've told 'em on 'at tape, cause that's what they're gonna look at. The depositions." During another conversation with Tennessee Highway Patrol Trooper Kevin Kimbrough, Black gave a detailed

account of how the accident occurred.[1]  Webb, Morgan and Trooper Kimbrough were assisting the

FBI and recorded the foregoing exchanges.

Black was later convicted of lying under oath and witness tampering and was sentenced to

24 months imprisonment.

## II.

### A.  Jury Instructions

Black contends that Count 3 of the jury instructions was erroneous under *Arthur Anderson*[2]

because the district court improperly defined  "corruptly persuade" as to the witness tampering

---

[1]The relevant portions of that conversation are as follows:

**Kimbrough:**  Did it mess Jonathan's bike up?
**Black:**          No, . . . my bike didn't touch Jonathan's bike.  My foot hit his left . . . shin right in here and when it came by him it hit him hard and he gassed it and then lost control of his motorcycle so the motorcycle didn't collide.  It was my foot peg that hit his shin is what happened . . . .

                                                 . . . .

**Kimbrough:**  Is that when you was on the back wheel goin' past him?
**Black:**          Yeah.  Oh.
**Kimbrough:**  Did you get, was you able to continue on your wheelie on past him?
**Black:**          Nah, it kinda went like this right here.
**Kimbrough**:  Did it?
**Black:**          Yeah, because just imagine, the foot peg hit, I'm up, the foot peg hit him so whenever it hit him, it's gonna throw me this way.  See what I mean, on the back wheel.
**Kimbrough:**  Oh yeah.  It spun you around like this.
**Black:**          Right.  Cause the . . . impact of his leg, it spun me around, cause I was on the back wheel.

[2]*Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005).

charge.[3] Specifically, he maintains that by omitting the term "dishonestly" from the above charge, the district court permitted the jury to find guilty anyone who innocently persuades another to withhold information from the government without establishing that he was dishonest. *Arthur Anderson*, however, is distinguishable from the instant case because it was unclear whether Arthur Anderson ordered its employees to purge documents based on looming Enron investigations or pursuant to its lawful document retention policy. *See id.* at 704. Here, there was no need to further instruct the jury on dishonesty because when Black told Morgan to "keep your story," he was aware that Morgan's previous deposition testimony was false. Thus, there was no error, plain or otherwise.

## B. Materiality under 18 U.S.C. § 1623

Black also contends that even if his deposition testimony was false, it was not material as required by 18 U.S.C. § 1623. Clearly, Black's false testimony about how the accident happened (relevant under Tennessee's comparative fault law) was material. *See United States v. Frost*, 125 F.3d 346, 387 (6th Cir. 1997) ("Although a false statement must have the *capacity* to influence a decision, it does not have to be actually influential in order to be material.") (emphasis in original).

## C. Ineffective Assistance of Counsel

Black further contends that he was harmed by ineffective assistance of trial counsel. It is our general practice to defer such a decision to a collateral attack under 28 U.S.C. § 2255 because the record is not fully developed to decide that question. *See United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995). There is nothing in this case that suggests we should depart from that practice.

---

[3]Because Black failed to object to the jury instructions at trial, we review for plain error. *See United States v. Hynes*, 467 F.3d 951, 966 (6th Cir. 2006).

Therefore, we deny any relief under a claim of ineffective assistance of counsel, without prejudice to raising it under 28 U.S.C. § 2255.

### D.  Sufficiency of the Evidence

Black finally challenges the sufficiency of the evidence of both counts in the indictment. However, his conversation with Trooper Kimbrough showed that he lied about his recollection of how the accident occurred.  Moreover, Black knew that Morgan's previous account of the accident was false when he advised Morgan to "keep [his] story" if questioned by the FBI.  Therefore, sufficient evidence supports Black's convictions under §§ 1623 and 1512(b).

The rest of Black's contentions are without merit.

**AFFIRMED.**